UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ALBRECHT PANSING,

                    Petitioner,          06 Civ. 10214 (PAC)(DFE)

        - against -                      REPORT AND RECOMMENDATION
                                         TO JUDGE CROTTY

MICHAEL B. MUKASEY [substituted for
ALBERTO GONZALES], UNITED STATES
ATTORNEY GENERAL,

                    Respondent.
------------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

     The petition of *pro se* prisoner Albrecht Pansing states that
he is a citizen of Germany who entered the United States on a
traveling visa in 1988, and "remained in the United States for
the purpose of establishing a permanent residence in the State of
New York."  On March 18, 2004, Pansing pleaded guilty to both
counts of Indictment 03 Cr. 1511 (SHS); the plea agreement
stipulated that he had distributed at least 20 grams of
methamphetamine.  On May 6, 2004, Judge Stein sentenced Pansing
to a term of 63 months' imprisonment, to be followed by four
years of supervised release.  Pansing did not file an appeal.

     While incarcerated at FCI Otisville, Pansing applied for a
prison transfer to the German prison system.  His request was
denied by the International Prisoner Transfer Unit ("IPTU") of
the U.S. Department of Justice.  On April 7, 2006, Pansing wrote
to Paula A. Wolff, Chief of the IPTU, and requested the reasons
for the denial.  She replied by letter dated June 6, 2006 (now
annexed to Pansing's petition to our Court):

          This office examines many factors in determining
     whether a prisoner is suitable for transfer.  These
     factors include a prisoner's rehabilitative prospects
     and the prisoner's ties to his or her home country.
     As stated in the November 14, 2005, letter from this
     office, your request was denied because you are a
     domiciliary of the United States, through extended
     residence in the United States and/or presence of
     family ties and close family member in the United
     States; this residence may have been legal or illegal.
     You have been living in the United States for

                              -1-

approximately 15 year[s] prior to your arrest on the
instant offense and you have a sister living here.
There is no administrative appeal from this decision.

On October 2, 2006, our Court's Pro Se Office received
Pansing's petition, styled as a "petition for a writ of habeas
corpus pursuant to 28 U.S.C. §2241."  At pages 6-7, he notes that
he will be deported to Germany upon completion of his sentence,
and he argues that a transfer to a German prison would assist him
to adjust to German society.  Pursuant to 28 U.S.C. §2201(a), the
petition seeks a declaratory judgment that Respondent considered
"improper factors," and that his incarceration in the United
States "will continuously deprive him of his right to
rehabilitation."  The petition also asks our Court to direct the
Respondent to "process" his Multilateral Treaty Transfer.

On December 29, 2006, Assistant U.S. Attorney Steven D.
Feldman served and filed an 18-page opposing Memorandum of Law,
which stated in pertinent part:

> The Transfer of Offenders To or From
> Foreign Countries Act, ... 18 U.S.C. §§ 4100
> et seq. (1977) (herein the "Act") is the federal
> legislation implementing the program to transfer
> convicted criminals.  [The Act authorizes] the
> Attorney General ... to approve or disapprove
> individual transfers under international prisoner
> transfer treaties.  18 U.S.C. § 4102(3).
>
> The United States and Germany have acceded
> to the Convention on the Transfer of Sentenced
> Persons, T.I.A.S. Nos. 10,824, 22 I.L.M. 530 (1983)
> (herein the "COE Convention").  ....
>
> *       *       *
>
> ... [T]he decision to approve or deny a
> transfer request is left entirely up to the
> discretion of the sentencing State.  Moreover,
> nothing in the COE Convention requires transfer
> unless the sentencing and administering States
> agree that transfer is appropriate.  ....

(Resp. Memo. pp. 6-8.)

As noted in Respondent's Memorandum, the Seventh Circuit
discussed the COE Convention at length and then wrote:

In sum, based on the statutory language, the lack
of any dispositive evidence in the legislative history,
the unique nature of prisoner transfer decisions, and
the deference owed to the Attorney General's
interpretation of this statutory provision, we conclude
that § 4102(4) does not impose a mandatory obligation
on the Attorney General to issue substantive
regulations.  Having so determined, we proceed to
review the propriety of the district court's issuance
of the writ of mandamus, the district court's review of
the Attorney General's denial of plaintiffs' transfer
requests, and the conclusion that § 4102(4) creates a
liberty interest that was violated by the Attorney
General under these facts.

                    *     *     *

        ... Congress has provided no "meaningful standard"
for reviewing the Attorney General's conduct and, as
such, has committed these determinations to the
Attorney General's discretion.  Accordingly, we hold
that the district court did not have jurisdiction under
§ 701(a)(2) to review the Attorney General's denial of
plaintiffs' requests.

                    *     *     *

        ... [P]laintiffs cannot point to any language in
the Act that would support an assertion that their
transfer was required upon the satisfaction of certain
"substantive predicates."  As such, plaintiffs have
failed to show the "particularized standards or
criteria" necessary to establish the existence of a
liberty interest in this context.  Accordingly, we
reverse the district court's determination that
§ 4102(4) raises a liberty interest in prisoners
seeking international prison transfers.

*Scalise v. Thornburgh*, 891 F.2d 640, 647-49 (7th Cir. 1989).
Accord:  *Bagguley v. Bush*, 953 F.2d 660 (D.C. Cir. 1991).

        Pansing's Traverse, at page 2, correctly points to *Wong v.
Warden, FCI Raybrook*, 171 F.3d 148 (2d Cir. 1999), *affirming* 999
F.Supp. 287 (N.D.N.Y. 1998).  Judge Hurd acknowledged:
"Ordinarily where a decision is discretionary, it is held that no
protected liberty interest exists.  *See Bagguley*, 953 F.2d at
662; *Scalise*, 891 F.2d at 649.  That is so because the liberty
interest at stake is not grounded in the Constitution, but rather

would have been created by the delimited nature of statutes or regulations, ....” 999 F.Supp. at 289-90. However, Wong alleged “a discriminatory denial of transfer based upon race or national origin,” and therefore his claim invoked “the broad liberty interest protected by the due process clause of the Fifth Amendment” pursuant to *Bolling v. Sharpe*, 347 U.S. 497 (1954), and therefore Wong’s claim was entitled to judicial review (although he lost on the merits).

By contrast, Pansing makes no allegation that he was discriminated against based upon race or national origin. His objections to the transfer denial are much more mundane. His original Petition simply argued that a transfer to a German prison would assist him to adjust to German society. His Traverse tries hard to come within *Bolling* and *Wong* but he merely invokes a liberty interest that he alleges to have been created by two statutes. Specifically, his Traverse, at page 3, asserts:

> Petitioner has right, under the Fifth Amendment, to consideration of his deportable status under § 4113. The Respondent did not consider such deportable status, and denied Petitioner’s Treaty Transfer on a factor that will not stop his deportation. Furthermore, any individual incarcerated for committing a federal offense has the right to pre-release preparation, see 18 U.S.C. § 3634(c).

Invoking these two statutes is insufficient to create a liberty interest protected by the Fifth Amendment, for the reasons explained in *Wong*. Pansing’s objections are ordinary, non-constitutional objections, and therefore his petition is another ordinary case like *Scalise* and *Bagguley*, where “it is held that no protected liberty interest exists. That is so because the liberty interest at stake is not grounded in the Constitution, but rather would have been created by the delimited nature of **statutes** or regulations.” *Wong*, 999 F.Supp. at 289-90 (emphasis added) (citations omitted).

## CONCLUSION AND RECOMMENDATION

I recommend that Judge Crotty deny Pansing’s petition. Pansing has not shown a liberty interest that is protected by the Due Process Clause of the Fifth Amendment. Nor has he shown a basis for exercise of mandamus jurisdiction, nor jurisdiction under the Administrative Procedure Act, 5 U.S.C. §701(a)(2). He seems not to be arguing that there was a violation of any clause of the treaty known as the COE Convention, nor has he attempted to rebut the argument that he would lack standing to make such an

-4-

argument.  (Resp. Memo. pp. 5-13.)

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, any party may object to this recommendation within 10 business days after being served with a copy (i.e. **no later than June 11, 2008**) by filing written objections with the Clerk of the U.S. District Court and mailing copies (a) to the opposing party, (b) to the Hon. Paul A. Crotty, U.S.D.J. at Room 735, 500 Pearl Street, New York, NY 10007 and (c) to me at Room 1360, 500 Pearl Street.  Failure to file objections within 10 business days will preclude appellate review.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), and 6(e). Any request for an extension of time must be addressed to the District Judge.

DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181

Dated:    New York, New York
          May 22, 2008

Copies of this Report and Recommendation are being sent by mail to:

Albrecht Pansing
Reg. #52010-054
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

Steven D. Feldman, Esq.
Assistant U.S. Attorney
One Saint Andrew's Plaza
New York, NY 10007

Hon. Paul A. Crotty